CHRISTIAN ARBRUSH *vs.* TOWN OF OAKDALE.

May 28, 1881.

**Laying out Highway—Measure of Damages — General and Special Benefits.**—The rule laid down in *Winona & St. Peter R. Co.* v. *Waldron,* 11 Minn. 392, (515,) as to the character of benefits to be deducted in assessing the compensation to be paid for the appropriation of lands for railroad purposes, followed, and applied to the case of the appropriation of lands by a town for the purposes of a public highway.

Plaintiff appealed to the district court for the county of Washington from the award of damages by the supervisors of defendant, and now appeals to this court from an order by *Crosby,* J., refusing a new trial.

*J. N. & I. W. Castle,* for appellant.

*McCluer & Marsh,* for respondent, cited *Simmons* v. *St. Paul & Chicago Ry. Co.,* 18 Minn. 184; *St. Paul & Sioux City R. Co.* v. *Murphy,* 19 Minn. 500.

CLARK, J. An appeal was taken to the district court of Washington county from the award of damages by the supervisors of the town of Oakdale for the taking of a strip of land, constituting a part of the plaintiff's farm of eighty acres, for the purpose of a public highway. Upon the trial of the appeal in the court below, the only question litigated related to the amount of the plaintiff's damages for such taking. The court laid down the rule, under the objection and exception of the plaintiff, that the measure of damages was the difference in value of the farm without the proposed highway, and with the same constructed upon it, at the time when the highway was laid out; and that if the advantages to the farm from the road were equal or greater than the disadvantages, the plaintiff was not entitled to any damages. The statute provision on the subject is that "the supervisors, in all cases of assessing damages, shall estimate the advantages and benefits the new road, or alteration of an old one, will confer on the claimant for the same, as well as the disadvantages." Gen. St. 1878, c. 13, § 39.

The rule laid down by this court in *Winona & St. Peter R. Co.* v.

*Waldron,* 11 Minn. 392, (515,) which has since been followed and applied, and is to be regarded as settled in this state, is that, under such statutes, the advantages and benefits which are to be estimated in assessing the damages for the taking for public use, do not embrace the general advantages and benefits which are enjoyed by the claimant in common with the other owners of real estate in the vicinity, but only such advantages and benefits as are direct and special to the land a part of which is taken. The kind of benefit which is not allowed to be estimated for the purpose of being deducted from the damages, is that which comes from the claimant's sharing in the common convenience of increased public facilities, and the general advance in value of real estate in the vicinity by reason thereof. *Allen* v. *City of Charlestown,* 109 Mass. 243. This character of benefit would clearly be included in the deductions, within the ruling of the court below. It is to be observed that the rule in *Winona & St. Peter R. Co.* v. *Waldron* was laid down in the case of the condemnation by a private corporation, by authority of law, of lands for railroad purposes; but we see no sufficient reason why it should not be applied with equal propriety to the case of a condemnation, by a town, of lands for wholly public use.

The order denying the motion for a new trial must therefore be reversed, and a new trial granted.