STATE OF MINNESOTA, *ex rel.* Chicago, Milwaukee & St. Paul Railway Company, *vs.* W. S. SHARDLOW and others.

June 23, 1890.

**Highway—Appeal from Justice—Waiver of Defect in Bond.**—Upon an appeal to a justice of the peace under Gen. St. 1878, *c.* 13, § 60, in proceedings for laying out a highway by supervisors of a town, the supervisors, by consenting to a continuance before making any objection to the bond filed pursuant to that section, waive any defects in it.

**Highway Laid across Railway—Compensation—Benefits.**—In assessing damages to a railroad company for laying out a highway across its track, benefits by increase in its traffic or business, arising from the increased facility for travel which the highway affords, are not to be taken into account.

**Same—What Damages Allowable.**—*State* v. *District Court*, 42 Minn. 247, followed as to what damages may be allowed a railroad company for laying out a highway across its track.

**Same—Railway Company to Construct Crossings—Act Held Valid.**—Laws 1887, *c.* 15, and Laws 1889, *c.* 222, requiring railroad companies to construct crossings wherever highways intersect their tracks, are not, as to highways laid out after their passage, unconstitutional because they make no provision for compensation; for such provision is made by the statute regulating the laying-out of highways.

*Certiorari.*

*Lyndon A. Smith* and *C. A. Fosnes,* for relator.

*J. O. Haugland,* for respondents.

GILFILLAN, C. J. The supervisors of the town of Kragero, in the county of Chippewa, laid out a highway which crosses the relator's right of way and track; and they determined and awarded that the advantages and benefits accruing to the relator from said crossing were equal to the damages sustained, and so they allowed the relator nothing. The relator appealed, in relation to the damages, to a justice of the peace, who, pursuant to the statute, summoned a jury and the supervisors; and the matter was retried before the jury, and their verdict affirmed the award of the supervisors. The relator has brought the matter here upon a writ of *certiorari.*

The respondents, the town supervisors, claim that the justice had no jurisdiction, because of defects in the bond filed by relator as required by Gen. St. 1878, *c.* 13, § 60. The filing of the bond thereby required is a condition precedent to the justice's authority to issue the summons; but the summons is only for the purpose of notice to bring the supervisors, who represent the town, before the justice. Any defect in it, or in what is required to be done prior to issuing it, goes only to the jurisdiction over the person, not to the jurisdiction over the subject-matter, the proceeding not being one *in rem* when the only question involved in the appeal is the amount of damages to be paid by the town to the party appealing. In such case the proceeding is analogous to a civil action. The determination has the effect of a judgment. The section referred to calls it an "action." All such proceedings, where the amount of damages claimed does not exceed $100, are within the general jurisdiction of a justice. Any defect in the issuing or service of the summons may therefore be waived by the party summoned to appear, as in civil actions, and anything that he does or consents to which assumes that he is properly before the court for the purpose of the action will be a waiver. In this case the parties stipulated for a continuance of the action, the respondents not reserving the right to object to the jurisdiction on the day to which it was continued, and thereby waived the objection.

On the trial, in order to show special benefits to be offset against the damages claimed, respondents asked one witness what were the advantages to the relator by the road being laid out. The answer was that, "if that crossing wasn't made, the farmers would have to go to Appleton instead of going to Milan, and by going there they are just as liable to sell their wheat on the Manitoba as on the Milwaukee road." To a similar question another of respondents' witnesses said: "They will get more wood to draw west, and more wheat to draw east, and the company will have the advantage of the freight." A motion seasonably made by relator to strike out these answers, as showing only general and not special advantages, was refused. This was error. In taking private property for public use, only such advantages and benefits as are direct and special to the land a part

of which is taken, and not such as come from the claimant's sharing in the common convenience of increased public facilities, are to be considered. *Arbrush* v. *Town of Oakdale*, 28 Minn. 61, (9 N. W. Rep. 30.) If relator has a station at Milan, and the road makes it easier for people living on or near it to get there, the benefits to relator are such, in kind, as it will share with those people, and with those who live in and do business at that place. They are the common benefits accruing from increased facilities for public travel. It would be difficult to see how a railroad company can derive a special benefit from a country road crossing its track.

The items of damage that relator claimed it was entitled to were for the cost of two cattle-guards, four cattle-guard wings, one crossing sign, ten crossing planks, and grading. As to the cattle-guards and wings and crossing sign, it was held in *State* v. *District Court for Hennepin Co.*, 42 Minn. 247, (44 N. W. Rep. 7,) that imposing the duty of constructing and maintaining them at highway crossings on a railroad company is a legitimate exercise of the police power of the state in providing for the safety of the public, and that the company is not entitled to compensation for performing the duty so imposed, and therefore those items are not to be taken into account in estimating damages for laying a highway across the track. The same decision puts the matter of planking the crossing—and the grading would be of the same character, and for the same purpose—upon a different footing, and holds their cost to be legitimate items of compensation.

The relator argues that the acts of 1887 (c. 15) and 1889, (c. 222,) requiring railroad companies to construct crossings wherever highways intersect their tracks, are unconstitutional because they make no provision for compensation. But a legislative act providing for taking property for public use is not unconstitutional merely because it does not itself provide for compensation to be made, if there be another statute under which it must be made or secured before the property can be taken, and which does secure it as a condition of the taking. However it may be as to highways laid out across railroads prior to the passage of the acts referred to, highways to be subsequently laid out come within this proposition; for the statute

authorizing and regulating the laying-out of highways contains ample provision for securing compensation for all damages to property by reason of laying them out; and under this statute, if the cost of performing the duty imposed to plank and grade, be, as held in the case last referred to, a legitimate item of damages by reason of laying out the highway, its payment is provided for. The objection to the acts of 1887 and 1889 is of no force as applied to highways laid out after those acts went into effect. In this case the items for planking and grading were proper items for damage, and ought to have been allowed.

The verdict of the jury is set aside, and the case will be remanded to Elias Jacobson, justice of the peace, successor in office to the said justice, to be tried before a new jury.