STATE OF MINNESOTA ex rel. HUNTINGTON W. MERCHANT and Others v. DISTRICT COURT FOR ST. LOUIS COUNTY.[1]

November 6, 1896.

Nos. 10,171—(53).

Duluth City Charter—Special Assessments — Constitution—Unequal Taxation—Partial Invalidity.

Sp. Laws 1891, c. 54, § 7, provides that the appraisers to determine the compensation to be paid for property taken by the city of Duluth for parks and parkways shall appraise the value of the land taken, and the amount of benefit or damage to the owner with respect to adjacent property resulting from such taking, and said value (of the land taken), adding thereto said damage, or deducting therefrom said benefit, as the case may be, shall be awarded.     Section 8 of the same act provides that all property receiving

[1] Reported in 68 N. W. 860.
66 M.—11

special benefits "derived from such acquirement for park and parkway purposes" shall be assessed therefor. *Held*, that section 8, in so far as it provides for assessing "adjacent" property for the same benefits which, under section 7, had been deducted from the value of the land taken, is unconstitutional, as being unequal taxation. But this vice in section 8, which is an exercise of the power of taxation, does not affect the validity of section 7, which is an exercise of the power of eminent domain.

Certiorari to review the action of the district court for St. Louis county, Morris, J., in confirming the report and award of appraisers. Writ discharged.

*Huntington W. Merchant*, for relators.

*Henry S. Mahon*, for respondent.

MITCHELL, J.   Certiorari to review the action of the district court in confirming the report of appraisers appointed to appraise the value of property proposed to be taken by the city of Duluth for parkway purposes, pursuant to the provisions of Sp. Laws 1889, c. 401, as amended by Sp. Laws 1891, c. 54.

Section 7 of the amendatory act, after providing for the appointment of appraisers, further provides:

"They [the appraisers] shall view said property, and hear all the legal evidence offered by the board [of park commissioners] or any person interested in the property, and shall ascertain and appraise the value thereof, and the amount of benefit or damage to the owner or owners thereof with respect to adjacent property resulting from such taking.   The value of the property to be taken and the benefit or damage aforesaid, if any, shall be assessed in separate sums, and said value, adding thereto said damage, or deducting therefrom said benefit, as the case may be, shall be awarded."

The court is given power to revise, amend, or confirm this appraisement, or to order a new appraisement.

Section 8 of the same act authorizing the city to levy special assessments for the special benefit derived from the appropriation of property for park or parkway purposes, provides that, upon acquirement of title by the city, the board of park commissioners shall report to the board of public works the location and cost of the property so acquired, and

"It shall thereupon be the duty of said board of public works to determine the specific lots, tracts, and parcels of land, if any, specially benefited, and the amount of such special benefit, beyond the general

benefit to all real estate in said city derived from such acquirement for park and parkway purposes, and to assess such specially benefited property therefor."

The act then provides that such assessments shall be levied, confirmed, and collected in the same manner as other assessments for local improvements. The assessment here provided for would seem to be for benefits by reason of the acquisition only of the property, for the succeeding section provides for laying other assessments for the subsequent improvement of the lands thus acquired.

In the case of each of the relators, the land taken for the proposed parkway constituted only a part of the tract owned by him, thus leaving him still the owner of the part adjacent and not taken. The report of the appraisers was, in form, in accordance with the provisions of the statute, and stated separately (1) the value of the land taken; (2) the amount of benefit to the residue of the tract; and (3) the amount of the award, which was the value of the land taken less the benefits to the residue of the tract. The relators filed objections to the confirmation of the report, and moved the court that "the amounts of benefit to the residue of the tracts a part of which is herein sought to be acquired, and each of such amounts, as to every piece and parcel, * * * be stricken from said report, in that so much of section 7 of an act * * * as provides that * * * the amount of benefit to the adjacent property shall be deducted from damages awarded, is * * * in violation of article 1, § 13, and article 9, § 1, of the constitution of the state." The court denied the motion, and confirmed the report and award as made by the appraisers. The correctness of this ruling is the only question presented.

The relators concede that where the right of eminent domain is exercised by a quasi public corporation, such as a railway company, which pays the whole cost of the improvement, or where the right is exercised by the state itself or a municipality, and the cost of the improvement is to be defrayed by general taxation, this method of assessing the compensation of the landowner does not conflict with the provision of the constitution that private property shall not be taken for public use without just compensation. This has been held by this court in a line of cases commencing with Winona & St. P. R. Co. v. Waldron, 11 Minn. 392 (515). This proceeds upon the theory that just compensation means full compensation for the damages

sustained, and that, where part of a tract of land is taken, the damages which the owner sustains is the difference between the value of the whole tract before the condemnation and the value of the part that is left after the condemnation, excluding from consideration, of course, general benefits resulting to the community at large from the proposed improvement. The same rule was applied in Arbrush v. Town of Oakdale, 28 Minn. 61, 9 N. W. 30, when lands were taken by a town for highway purposes, and where, of course, the cost of the improvement was defrayed by general taxation on all the property in the town.

But counsel's contention is that where, as under this statute, the cost of the acquisition of the land is to be defrayed by special assessments upon the property specially benefited thereby, a deduction of special benefits to the remainder of the tract from the value of the part taken is unconstitutional, for the reason that this remainder is subject to assessment, to the extent of these same special benefits, to defray this same cost, which would result either in the owner being taxed twice for the same improvement, or else in depriving him of his property without just compensation. It is very clear that, if the statute will accomplish this result it, or some part of it, is unconstitutional and void.

We need not stop to inquire what are benefits "resulting from such taking" which are to be deducted in the condemnation proceedings,— whether they are only those resulting from the mere taking of the land by the city, disassociated from the appropriation and improvement for the purpose for which it is taken, or whether they also include those that will result from such appropriation and improvement, although it is very difficult to conceive what benefits can result to the residue of a tract from the mere act of taking a part of it. But it is very evident from the language of section 8 that the benefits for which assessments are there required include the same benefits which are required to be deducted by section 7. Moreover, the language of section 8 is mandatory, and not merely permissive. It not only requires such assessments to be made, but also that they shall be made on all property benefited. Hence, if all the provisions of both sections are carried into effect, the result will be either that the landowner will be deprived of his property without just compensation,

or else he will be taxed unequally, by being compelled to pay twice for the same thing.

It follows that some part of the act must be rejected as void,—either the provision in section 7 that special benefits to adjacent land shall be deducted from the value of the land taken, or else the provisions of section 8 in so far as they require assessments to be made for the same benefits. The provisions of section 7 constitute an exercise of the right of eminent domain, while those of section 8 constitute an exercise of the power of taxation,—two entirely distinct things, although both exercised in the same proceedings. The provisions of section 7, standing by themselves, are confessedly valid, because they provide just compensation for the property taken.

The vice is in the provision of section 8 that the residue of the land taken shall be taxed for the very benefits which have already been deducted from the value of the part taken, and which, therefore, have never been actually received by the landowner; thus resulting in unequal taxation. This is, in our opinion, the provision of the statute that must give way; and the proper place to raise it is in the assessment proceedings. If it is sought under this act to tax a tract for the same benefits which had been deducted in the condemnation proceedings, the evidence of the latter proceedings would establish a perfect defense, for, under the provisions of section 7, it is provided that, upon confirmation by the court, "said appraisement and all things contained therein shall thereupon be deemed res adjudicata"; that is, not only that special benefits have resulted to the adjacent land "from such taking," but also as to the amount of such benefits, and the fact that they have been deducted from the value of the land taken.

It is urged that certain inequalities of burdens would result from this, as, for example, where the amount of benefits to all property specially benefited exceeds the total cost of the taking or of the improvement, in which case a person a part of whose property is taken would have to pay the full amount of his special benefits, while others, whose property is also specially benefited, but none of it taken, would only be taxed for a part of these benefits. This is an incidental inequality which frequently occurs where property is taken for public use, but, if the landowner is allowed "just compensation"

for what is taken from him, it is no constitutional ground of objection that some other persons specially benefited are fortunate enough to retain the whole of their property. In order to render an inequality obnoxious to the constitution, it must be one that results in either depriving a person of his property without just compensation, or else in unequal taxation.

Inasmuch as counsel for both parties seem to concede that the void clause, whether it be in section 7 or in section 8, may be rejected without affecting the validity of the remainder of the statute, we have assumed, without special consideration, that such is the law; and, as at present advised, we see no reason to doubt the correctness of this view. Our conclusion is that the award was properly confirmed.

Writ discharged.