STATE ex rel. CITY OF ST. PAUL v. DISTRICT COURT OF RAMSEY COUNTY and Another.

January 20, 1899.

Nos. 11,329—(25).

**Municipal Corporation—Local Assessment for Public Park.**

*Held*, while a public park is a general benefit to the whole city, it is also, as a general rule, a special benefit to the locality or part of the city in which it is established, and, to the extent that it is such a special benefit, the cost of it may be assessed on the property so specially benefited.

**City of St. Paul—Sp. Laws 1891, c. 35—Benefits.**

*Held*, Sp. Laws 1891, c. 35, does not provide that such property may be thus assessed for more than it is actually benefited.

**Same—Confirmation of Assessment within Four Months.**

*Held*, the provision in section 26 of said act, requiring the board of public works of St. Paul to complete and finally confirm the assessment for such benefits within four months after receiving from the park board the order to condemn the park and make the assessment, is mandatory, and, if the assessment is not confirmed within that time, the board loses jurisdiction.

**Same—Double Taxation.**

Where a part of a parcel of land is taken for park purposes, *held* said chapter 35 does not provide for assessing double benefits on the balance of the tract, and, even if the act did so provide, it would only be unconstitutional to the extent of eliminating the feature of it which provided for such double taxation.

The treasurer of the city of St. Paul applied to the district court for Ramsey county for judgment against numerous parcels of real estate for nonpayment of a certain local assessment aggregating about $115,000, levied by the city for the purchase of Phalen Park, so called. The persons interested therein appeared and filed ob-

jections.  The matter was heard before Bunn, J., without a jury, who denied the application for judgment.  Thereupon the matter was brought into this court by writ of certiorari.  Affirmed.

*James E. Markham* and *Carl Taylor*, for relator.

It is well established in this state that the determination by the legislature, or by the board of public works to whom legislative authority is delegated, that a particular improvement partakes of a local nature, is final, except in cases of fraud or palpable mistake. Rogers v. City of St. Paul, 22 Minn. 494; Carpenter v. City of St. Paul, 23 Minn. 232; State v. District Ct. of Ramsey Co., 33 Minn. 295.  The provision of Sp. Laws 1891, c. 35, which requires the assessment to be made within four months is merely directory.  In the case of State v. Brill, 58 Minn. 152, where the validity of the same statute was involved, the lower court decided that the four-months provision was directory, and not mandatory.  The question was not passed upon by this court on appeal, although fully argued by counsel on both sides.  In State v. District Ct. of Ramsey Co., 68 Minn. 242, the law under consideration provided that a new assessment should be made without unnecessary delay.  The application for judgment in that case was denied May 27, 1889, and the new assessment was not confirmed until December 24, 1894, and the court held that it should stand.  The authorities are uniform that, if the purpose of the statutory provisions as to time be simply to prescribe an orderly and prompt method of transacting business, an omission of any of the details does not, and could not, prejudice any person's rights or affect his opportunities for defense against proposed proceedings.  The provisions in such cases are considered merely directory.  Cooley, Taxn. 212; Kipp v. Dawson, 31 Minn. 373, 380.

*How & Butler*, by consent, filed a brief in behalf of relator.

In the absence of fraud, or of any demonstrable mistake of fact, in the proceedings of the park board and of the board of public works, in their respective capacities, the determination by such boards of the matters intrusted to them respectively by the legislature, is conclusive upon the courts.  State v. District Ct. of Ram-

sey Co., 33 Minn. 295; State v. Board of Public Works, 27 Minn. 442. The limits of local assessment were properly determined by the board of public works. See State v. District Ct. of Ramsey Co., supra; State v. Brill, 58 Minn. 152; Cooley, Taxn. 449; Kelly v. Minneapolis City, 57 Minn. 294; Wright v. City, 48 Ill. 285, 291.

*John B. Sanborn, Samuel Whaley, Davis, Kellogg & Severance, Harold Harris* and *Stevens, O'Brien, Cole & Albrecht,* for respondents.

Sp. Laws 1891, c. 35, is unconstitutional for the reason that, by its operation, it compels an illegal mode of assessment, and provides for no investigation, before deciding to take land for park purposes, to ascertain whether lands to be assessed can be found benefited to the extent of the cost of acquiring the land. Instead thereof, it provides that the whole cost of the improvement (whatever that amount may be), less any appropriation from the park fund, shall be assessed on lands benefited. An assessment, the amount of which is based solely on the cost of the improvement, is void. St. John v. City, 50 Ill. 92; City v. Larned, 34 Ill. 203; City v. Spencer, 40 Ill. 211; Bedard v. Hall, 44 Ill. 91; Greeley v. People, 60 Ill. 19; Tidewater v. Coster, 18 N. J. Eq. 518; In re Canal St., 11 Wend. 154; Johnson v. City, 40 Wis. 315, 327. Assessment for benefits must be limited by the amount of actual special benefits accruing to the property affected by the improvement. Cooley, Taxn. (2d Ed.) 606, 607; White v. City, 67 Mich. 33; Wright v. City, 9 Cush. 233; Rogers v. City of St. Paul, 22 Minn. 494. The law is also unconstitutional because it requires double taxation within the rule laid down in the case of State v. District Ct. of St. Louis Co., 66 Minn. 161.

Local improvement signifies an improvement made in a particular locality by which the real property adjoining, or near such locality, is specially benefited. Rogers v. St. Paul, supra. See also State v. District Ct. of Ramsey Co., 33 Minn. 295; State v. Reis, 38 Minn. 371; City v. Law, 144 Ill. 569; Hanscom v. City, 11 Neb. 37; Village v. Wiswall, 155 Ill. 262; Hammett v. Philadelphia, 65 Pa. St. 146; Washington Ave., 69 Pa. St. 352, 358; Hill v. Higdon, 5 Oh. St. 243; Wilson v. Board, 133 Ill. 443.

The time limit in the act, providing for confirmation of the assess-

ment within four months after the receipt of the order from the park board, is mandatory.    See Cavenaugh v. McLaughlin, 38 Minn. 83; Cooley, Taxn. 216.    Statutes authorizing improvements must be strictly pursued.    The observance of every one of the substantial requirements must be regarded as a condition precedent to any valid assessment.    None of the steps prescribed can be regarded as directory merely.    Id. 659.    When lands are to be taken under statutory authority in derogation of the common law, every requisite of the statute having the semblance of benefit to the owner must be strictly complied with.    Sharp v. Speir, 4 Hill (N. Y.) 76; McComb v. Bell, 2 Minn. 256 (295); Sewall v. City of St. Paul, 20 Minn. 459; Atkins v. Kinnan, 20 Wend. 240.    When the statute directs a thing to be done, or prescribes the form, time or manner of doing it, it must be done in the form, time and manner prescribed, or the act is invalid.    Chandler v. Spear, 22 Vt. 388; 25 Am. & Eng. Enc. 300.    The state and its officers are as much bound to observe the law, and proceed in the mode pointed out by statute in the collection of a tax, as are individuals in the enforcement of any statutory right.    People v. Biggins, 96 Ill. 481; 25 Am. & Eng. Enc. 300; Merritt v. Village, 71 N. Y. 309; Savage v. City, 131 N. Y. 568.    A state in a suit to enforce the special assessment has the burden of showing performance of the conditions precedent.    Lufkin v. City, 56 Tex. 522; Board of Co. Commrs. v. Nettleton, 22 Minn. 356, 365. Where the law requires the city commissioners of assessment for the opening of streets to file their report and map within 20 days after the ordinance which authorizes the proceeding is referred to them, and they have failed to perform that duty within the time required, their proceedings in the matter will be set aside for that reason.    State v. City, 35 N. J. L. 332; State v. Town, 4 Vroom, 39, 72; State v. Town, 33 N. J. L. 39.    See also Thames v. Lathrop, 7 Conn. 550; Billings v. Detten, 15 Ill. 218; Marsh v. Chestnut, 14 Ill. 223.

CANTY, J.

The city of St. Paul applied to the district court for judgment for certain delinquent special assessments on certain real estate claimed to be specially benefited by the establishment of Phalen

Park, which assessments were levied to pay the cost of condemning land for the park. The respondents (130 in number) appeared, answered, and objected to the entry of judgment on various grounds. On the hearing, the court denied the application for judgment. Thereupon the city sued out a writ of certiorari in this court, and the proceedings in the court below were brought up in the return.

1. While a public park is, to some extent, a general benefit to the whole city, it is also, as a general rule, a special benefit to the locality or part of the city in which it is established. The extent of these special benefits is a question of fact to be determined in each particular case, and, of course, the property specially benefited cannot be assessed for more than the amount of such special benefits. But, up to this amount, it may be assessed for such special benefits, even though the park is also a general benefit. See Steiner v. Sullivan, 74 Minn. 498, 77 N. W. 286. In such a case, the legislative authority has a very extensive discretion in determining whether the expense of the improvement shall be defrayed by a special assessment or a general tax, or partly by each.

2. There is nothing in the claim that Sp. Laws 1891, c. 35, permits the board of public works to assess as benefits more than the amount which the property assessed is actually benefited by the improvement. The statute will not bear that interpretation.

3. This chapter 35 provides that, when the board of park commissioners of St. Paul determine to take any tract of land for a park, they shall do so by resolution, and shall thereupon make an order directing the board of public works to determine the amount of damages or compensation to be paid for the land so taken, and after deducting the amount of such compensation, to be paid out of the general park fund, to assess the balance on the property to be benefited. It is further provided that a copy of the resolution and of the order shall be certified to the board of public works.

Section 26 provides that the assessment for benefits shall be finally confirmed by the board of public works within four months after receiving the certified copies of such order and resolution from the park board. In this case the assessment was not confirmed within the four months, or until more than nine months after receiving the copies of the order and resolution from the park

board. We are of the opinion that the provision in the statute requiring the assessment to be confirmed within the four months is mandatory, and not directory, and that at the end of the four months the board lost jurisdiction to confirm the assessment. Where the purpose of the statute is merely to prescribe a prompt and orderly method of transacting public business, a provision designating the time within which a thing shall be done is generally construed to be directory; but, when the provision is intended for the benefit of particular individuals in proceedings in invitum, it is generally construed to be mandatory. In our opinion, the provision here in question is of the latter kind.

The statute provides that, on receipt of the order from the park board, the board of public works shall give 20 days' notice of the time and place of the meeting for the purpose of making the assessment. All persons interested may appear and be heard. The board shall determine the value of the real estate to be condemned, and assess the benefits therefor, and, when the assessment is completed, the board shall give 10 days' notice of that fact, and that, at a time and place specified, the board will meet for the purpose of hearing objections thereto, that objections may be filed and the matter heard.

When the assessment is confirmed the clerk of the board shall give notice of that fact, and any person who has filed objections to the assessment as aforesaid may, within 10 days thereafter, appeal to the district court from the order confirming the assessment. It is further provided that each of these notices shall be given by one publication of it in a newspaper. No personal notice is required. Then the party interested must watch for these published notices, and learn, at his peril, what steps are being taken by the board. But the statute has placed a limit on the time during which he may be thus kept watching in order to have an opportunity to defend his rights, and has limited that time to four months. Clearly, this provision of the statute is intended for the benefit of the persons whose property may be assessed for special benefits resulting from such taking, and it is immaterial whether there are 130 or only one of such persons.

4. Respondents contend that the act in question is unconstitu-

tional, because it provides for double taxation, as did the act passed on in State v. District Court for St. Louis Co., 66 Minn. 161, 68 N. W. 860. We cannot so hold. Section 22 of said chapter 35 provides:

"If the damages to any person be greater than the benefits assessed, or if the benefits be greater than the damages, in either case the said board of public works shall strike a balance and carry the difference forward to another column, so that the assessment may show what amount is to be received or paid by such owners respectively, and the difference only shall in any case be collectible of them or paid to them."

Clearly, this section does not provide for assessing benefits twice on the balance of the parcel of land remaining after a part of it is taken for the park, but expressly provides to the contrary. Even if the act did provide for such double taxation, but was in other respects constitutional, it would be unconstitutional only to the extent of eliminating the feature of the act which provided for such double taxation. This disposes of the present appeal, and we will not at this time attempt to go into the other questions raised.

Order affirmed.