GEORGE H. JONES & another *vs.* METROPOLITAN PARK COMMISSIONERS.

Suffolk.    January 10, 13, 1902. — May 23, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Way.    Assessments.    Metropolitan Park Commissioners.*

Under St. 1894, c. 288, authorizing the metropolitan park commissioners to construct roadways and boulevards, if betterments accruing from the locating and laying out of only a section of a parkway can be assessed before the whole parkway is completed, at any rate they cannot be assessed until the section itself is completed, the requirements of Pub. Sts. c. 51, § 1, being incorporated by reference in the act.

PETITION, filed June 7, 1901, for a writ of certiorari directed to the metropolitan park commissioners, to quash certain betterment assessments for the locating and laying out of a section of Revere Beach Parkway from Broadway to the Everett line.

The case came on to be heard before *Barker*, J., who, at the request of the parties, reserved it for the determination of the full court upon the pleadings and the statement of facts agreed, so far as competent; such decree to be entered as justice might require.

*S. J. Elder & W. C. Wait,* for the petitioners.

*F. H. Nash,* Assistant Attorney General, for the respondents.

LORING, J.    This is a petition for a writ of certiorari to quash a betterment assessment laid upon the land of the petitioners for benefit to their land from the location and laying out of a section of a parkway laid out by the respondents under St. 1894, c. 288, and known as the Revere Beach Parkway.    The petition was reserved for the consideration of this court upon the return of the commissioners and certain facts agreed to by the parties.

One of the objections of the petitioners is that the assessment

could not be laid until the work of construction was completed. Without considering the other objections urged, we think that this objection is well taken.

The assessment was laid for benefits accruing from the location and laying out of a section only of the parkway. Without considering whether an assessment can be laid for the location and laying out of a section, and whether the construction which must be completed is the construction of the whole way, it is enough in this case that the construction of the section in question was not completed.

It appears that the section in question "had been entirely constructed to subgrade," that the rough subgrading of the parkway within said taking was completed; that said parkway was ready for the superposition of crushed stone, except for the rounding and smoothing incident to the final preparation of the subgrade after the period allowed for settlement and compacting of the rough subgrade filling; that the macadamizing and surfacing to the grade of finished surface intended for travel had not been done, but was provided for under a subsequent contract, No. 54, . . . which was made at a date subsequent to the assessment of said betterment; that no part of the final surfacing of the parkway had been completed, and that the subgrade surface of said parkway was unsuitable for use by any vehicles, except those used by the contractors, and was not ready for public use, or intended for public use, and was in places fenced off to prevent its use by the public, and was so fenced off along some portions of the premises belonging to the petitioners."

The question whether a betterment assessment can be laid under St. 1894, c. 288, § 2, before the work of construction is completed, remains to be considered. The power given to the respondents the metropolitan park commission to lay betterment assessments by reason of the "locating and laying out" of a parkway is the same authority "conferred by chapter fifty-one of the Public Statutes upon boards of city or town officers authorized to lay out streets or ways, and the provisions of the first eight sections of said chapter, relating to ways, shall apply to such assessments by said board." Section 1 of c. 51 of the Public Statutes provides that "no such assessment shall . . . be made until the work of laying out . . . is completed."

The respondents' contention is that the provisions of Pub. Sts. c. 51, §§ 1–8, are binding on the park commissioners only so far as they are applicable. There is no such language in St. 1894, c. 288, § 2, but on the contrary the provision of that act is that the metropolitan park commissioners "shall have the same authority . . . as is conferred by chapter fifty-one of the Public Statutes." That authority is limited to laying an assessment when the work is completed and not before. But this is not of itself decisive.

The history of the legislation which was embodied in the provision of Pub. Sts. c. 51, § 1, forbidding a betterment assessment being laid for the construction of a public way before the construction of the way is completed, is gone into at length in *Foster* v. *Park Commissioners*, 133 Mass. 321, and need not be restated here; it is enough to point out that it has been the settled policy of Massachusetts for thirty years. The purpose of the enactment was to avoid the injustice of assessing upon land a betterment tax for an improvement which had not in fact been made, and which might never be completed unless the public authorities were forced to complete it by a writ of mandamus. See in this connection *Whiting* v. *Boston*, 106 Mass. 89.

It was held in *Foster* v. *Park Commissioners* that under St. 1875, c. 185, a betterment assessment could be laid for the "locating and laying out" of a park, before the park was completed; and this was supported on the ground that the benefit dealt with in that act was the benefit coming from the laying out of the park without any provision having been made for its construction. For a similar act see St. 1892, c. 341. On the other hand, for an act providing for betterment assessments only after the completion of a park, see St. 1874, c. 97.

When the project of giving the metropolitan park commissioners general authority to lay out boulevards and parkways connecting park and open spaces with cities and towns within the metropolitan district in question came up, if the parkway or boulevard was to be dealt with as a public way, the settled policy of the Commonwealth required that no assessment should be laid until the work of construction was completed; on the other hand there was a precedent for allowing an assessment before the work of construction was completed if the parkway

or boulevard was to be treated as a park. And it is manifest that the Legislature thought that betterment assessments in case of a parkway or boulevard partook more of those in case of a public way than those derived from laying out a park, and for that reason gave the commissioners "the same authority . . . as is conferred by chapter fifty-one of the Public Statutes."

This in our opinion is decisive of the matter, and it is not necessary to do more than refer briefly to the other arguments of the respondents. It is urged that since the commissioners cannot proceed unless they have an appropriation it could not have been the intention of the Legislature that this provision of Pub. Sts. c. 51, § 1, should apply. But St. 1894, c. 288, did not direct the commissioners to lay out any parkway or boulevard, it did no more than give them authority to do so; if the appropriations did not admit of the Revere Beach Parkway being laid out and completed under the law, it should not have been laid out. If by the true construction of the town boulevard act, St. 1893, c. 300, a betterment assessment can be laid before the work is completed, we do not think that that fact is decisive of the construction of St. 1894, c. 288, § 2.

The respondents have not raised the objection that a writ of certiorari is not the proper remedy in the case at bar, and, by agreeing to the facts, have waived the objection that on a petition for certiorari the facts found by them cannot be controverted. *Ward* v. *Aldermen of Newton, ante,* 432. *Janvrin* v. *Poole, ante,* 463. We therefore treat these objections as waived.

*Writ to issue.*