# IN RE IMPROVEMENT OF LAKE OF THE ISLES PARK.
## ANDREAS UELAND, APPELLANT.[1]

April 21, 1922.

No. 22,718.

**Park left in natural state special benefit to neighboring land.**

1. Special benefits to lands in the locality of a tract acquired and dedicated to the public as a park may result from such acquisition and dedication, although the land is left in its natural state, and there may be an immediate assessment of such benefits.

[1]Reported in 188 N. W. 59.

**Successive levies may be made for different improvements.**

2.  Successive special assessments may be levied if they are not for the same improvement.  The power to levy them is continuous and coextensive with benefits received.

**Curbs and gutters on adjacent street do not require concurrence of city council.**

3.  Under chapter 185, Laws 1911 as amended, curbs and gutters along the side of a street upon which a park borders may be included in a special assessment for benefits resulting from the improvement of the park, and the concurrence of the city council in the resolution of the park board authorizing the improvement is not necessary.

**Whether public interest will be served not considered on appeal.**

4.  Whether or not the public interests will be served by a public improvement is a political and not a judicial question.

Andreas Ueland filed objections to the confirmation of the commissioners' report to the board of park commissioners of\the city of Minneapolis in the matter of the improvement of the Lake of the Isles Park.  From the order confirming the report, objector appealed to the district court for Hennepin county where the appeal was heard by Montgomery, J., who confirmed the report, and appointed commissioners to reassess the benefits.  From the final order, Jelley, J., confirming the report of the reassessment commissioners, Andreas Ueland, Frank C. Murray and others appealed.  Affirmed.

*Ueland & Ueland,* for appellant.

*James D. Shearer,* for respondent.

LEES, C.

This is an appeal by a property owner from the order reviewed in Improvement of Lake of the Isles Park, supra, page 29, in which many of the questions raised on this appeal are disposed of.  We shall refer only to those which were not there involved.

1.  In 1890 the park board purchased and designated as a park 25 acres of land south of Lake Calhoun.  The purchase price was $113,000.  The board resolved to assess that amount upon lands specially benefited.  Appellant's property was accordingly assessed $3,320, and the assessment was paid.  In 1908 the board acquired

additional land on the shore of the lake for a parkway and another assessment of $498 was levied on appellant's property and paid. About 10 acres of the tract first purchased was low marshy ground, not then in condition to be used for any purpose. The second tract was not passable for vehicles. The park board now proposes to improve both tracks of low land and to assess two-thirds of the cost upon private property specially benefited, including appellant's property already assessed as above stated. He strenuously objects on the ground that this will be a second assessment for the same benefit. If that be true, the assessment cannot be sustained. State v. District Court for St. Louis County, 66 Minn. 161, 68 N. W. 860. Prior to the enactment of the Elwell Law, the special acts applicable to Minneapolis provided that, as soon as the amount required for the purchase and condemnation of land selected for a park or parkway had been ascertained with reasonable certainty, the park board should determine what percentage, if any, of the amount so ascertained, should be assessed upon the lands benefited by such park or parkway. Chapter 281, p. 404, Sp. Laws 1883, and chapter 30, p. 560, Sp. Laws 1889. Assessments were limited to a percentage of the cost of the land. No authority was granted to assess for benefits from the improvement of the land. The resolution for the first assessment contained the explicit statement that it was for 100 per cent of the cost of the land. Clearly no assessment was authorized and none was levied for benefits which might result from subsequent improvements. The conclusion would seem to follow that the assessment now levied is for new benefits.

Appellant vigorously combats this conclusion. He insists that it is absurd to say that his land was benefited by having the marsh in front of it owned by the city instead of by private individuals; that there could be no valid assessment except for actual benefits, which could only accrue when the unsightly spot was transformed into a park or parkway, and that the previous assessments included the cost of the land and benefits resulting from putting it to the use for which it was acquired. The argument is plausible and is reinforced by a dictum in the opinion of Mr. Justice Mitchell in State v. District Court for St. Louis County, 66 Minn. 161, 68 N. W. 860, and

by the definition of "park" and "parkway" in Kloepfert v. City of Minneapolis, 90 Minn. 158, 95 N. W. 908, but we are unable to give it our approval. When land is acquired for and designated as a public park, the owners of adjoining lands have the assurance that an open plot of ground, either in its natural state or with such additions as are appropriate for parks and parkways, will be permanently maintained. They are assured against the uses to which it may be put while privately owned, uses which not infrequently are detrimental to the value of adjacent lands.·

The first step in the establishment of a park is to acquire the land and dedicate it to public use. This alone may enhance the value of property in the neighborhood, although the land is left in a state of nature. It may even confer greater benefits than the subsequent improvement or adornment of the land, and an immediate assessment of such benefits may be made. Thus in State v. District Court of Ramsey County, 75 Minn. 292, 77 N. W. 968, an assessment to cover part of the purchase price of Phalen Park was levied as soon as the land was acquired, and in Foster v. Board of Park Commrs. 133 Mass. 321, followed in Jones v. Met. Park Commrs. 181 Mass. 494, 64 N. E. 76, and cited with approval in Wilson v. Lambert, 168 U. S. 611, 18 Sup. Ct. 217, 42 L. ed. 599, it was held that a betterment assessment could be laid for locating and laying out a park before the park was completed. In Foster v. Board of Park Commrs. 131 Mass. 225, it was held that there could be no assessment for the estimated expense of constructing a park in the future. The reason given was that it might be constructed at a less expense or not constructed at all, hence it was necessary that the expense should actually be paid or incurred. This seems obvious, for the cost of an improvement necessarily enters into every special assessment. Until it has been ascertained with some degree of certainty, there is no basis for an assessment. The previous assessments upon appellant's land were ordered before any improvements were made or directed. There was no undertaking to make future improvements and no duty to make them was imposed by statute. If benefits had been assessed on that basis, the assessment could not have been sustained. An assessment cannot be levied for benefits not secured, In re Minne-

tonka, 56 Minn. 513, 519, 58 N. W. 295, 45 Am. St. 494, or in excess of actual benefits, State v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189. We conclude that the previous assessments were neither authorized nor levied for benefits other than such as resulted from the acquisition of the land in its natural state.

Our attention has not been called to any obstacles to successive special assessments if they are not for the same improvement. This court has said that the power to levy such assessments is continuing and coextensive with benefits received, and, whenever its exercise becomes again necessary by reason of the inutility of the original improvement, it may be again exerted. Karst v. St. Paul S. & T. F. R. Co. 22 Minn. 118; State v. District Court of Ramsey County, 80 Minn. 293-310, 83 N. W. 183; McMillan v. Board of Co. Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384, 1125. The authorities generally support this view. Dillon, Mun. Corp. (4th ed.) § 780; (5th ed.) § 1151; Page & Jones, Taxation by Assessment, § 954; McKevitt v. Hoboken, 45 N. J. Law, 482; Sheley v. City of Detroit, 45 Mich. 431, 8 N. W. 52; Shannon v. Omaha, 73 Neb. 507, 103 N. W. 53, 106 N. W. 592.

2. It is contended that the assessment is void because in part it is to pay for curbstones, gutters and sidewalks on streets upon which the parks or parkways abut and there was no concurrent resolution by the city council as provided by sections 1 and 6 of the Elwell Law. We are of the opinion that such a resolution is not necessary where a park bordering on a street is to be thus improved. Streets come in contact with parks and parkways. To complete the improvement of the latter, curbs and gutters on the park side of the street are necessary and so are sidewalks. Primarily they are park rather than street improvements, and hence they may be made at the direction of the park board alone.

3. A portion of appellant's brief is devoted to an indictment of the growing tendency to trample upon the rights of the individual when thought to conflict with those of the public. All that is said may properly be addressed to the legislative department of the state government. Whether a public improvement shall be undertaken when wages are high and materials are expensive, or the improve-

ment deferred until it will cost less or be dispensed with entirely in the interests of economy, are not judicial questions. Whether or not too much power has been lodged with the park board and city council, who are laying undue burdens upon helpless taxpayers, is a political question.

In determining whether a special assessment shall be sustained, the courts will look to see that there has been a compliance with the requirements of the statutes and Constitution. Beyond that they may not go without usurping power not committed to them.

This, in connection with what has been said in the opinion in the companion appeal, covers all of the assignments of error which require discussion.

Order affirmed.

HOLT, J., took no part.