JEANETTE C. DAVIS ET AL. v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

When, under the charter of the city of Newark, an award has been made to an owner for damages caused to his house and lot by the alteration of a street grade, an assessment cannot be levied against him for benefits supposed to accrue to the same house and lot from the same alteration. The first adjudication, that the premises are damaged by the change, concludes both parties, while it stands.

---

On error to the Supreme Court.

For the plaintiff in error, *R. Wayne Parker.*

For the defendant in error, *Joseph Coult.*

The opinion of the court was delivered by

Dixon, J.   This writ of error brings up a judgment of the Supreme Court, affirming assessments made for benefits arising from the regrading, curbing and flagging of Washington avenue in the city of Newark.

Some questions presented to this court in the argument of counsel turn upon conflicting evidence of fact. These are not open for review by us—our sole province is to correct errors of law.

The opinion sent up from the Supreme Court presents the reasons on which its judgment is based, and we find no illegality therein, except upon a point now to be noticed.

Prior to 1873 Washington avenue had been graded under public authority, and in that year the city of Newark established a new grade, and regraded, curbed and flagged the avenue. Under the city charter, the municipality was bound to compensate the owner of any lands affected by the alteration of grade, where a house or other building had been erected on the lands, for whatever damages he suffered by reason of such alteration, and accordingly damages were then awarded to many owners of houses along the avenue. In 1888 the present assessment was levied for benefits accruing from the regrading, curbing and flagging done in 1873, and among the lands assessed for the regrading are the lots with buildings thereon, on account of which the awards just mentioned were made. This fact appears without dispute in the evidence, and is admitted by the counsel for the city.

Such an assessment of those lots we consider unlawful.

By force of the provisions of the charter (*Pamph. L.* 1857, *p.* 116, §§ 100–103; *Pamph. L.* 1866, *p.* 571, § 1; *Pamph. L.* 1869, *p.* 672, § 3), the proper award for damages on alteration of grade is to be made after public notice, and with due regard to both the injury and the benefit arising from the public improvement, and this award, on being ratified by the municipal council, becomes conclusive upon the city and also upon the private owner, subject only to a right of appeal. It is thus rendered equivalent to a judicial determination that the premises, for which the compensation is awarded, are damaged, on a comparison of benefits and injuries, to the extent of the award, and so long as it stands neither the owner nor the city can gainsay it. *Aldridge* v. *Essex Public Road Board*, 22 *Vroom* 166. It is, therefore, not permissible for

the city now to contend that the change of grade, thus adjudged 'to be on the whole detrimental to certain lots on which buildings stood, was, in fact, on the whole beneficial to the same property.

So far as the assessments against such houses and lots have been levied for the grading of the street, they should be set aside, but as a large part of those assessments is for curbing and flagging, which constitutes a legitimate charge, let the record be remitted to the Supreme Court, in order that whatever is illegal under the view above expressed, may there be ascertained and eliminated.

To this end the judgment of the Supreme Court must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, REED, VAN SYCKEL, WERTS, BOGERT, BROWN, CLEMENT, SMITH, WHITAKER.   11.