[No. 7504. Decided November 13, 1908.]

### A. A. SCHUCHARD et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENT FOR BENEFITS—AWARD OF DAMAGES—EFFECT—BAR AS TO ASSESSMENTS. In condemnation proceedings to assess damages for a regrade, where the jury were instructed, pursuant to Laws 1893, p. 189, § 15, that the lot owners were entitled to recover all damages resulting to their property by reason of the regrade, less any local or special benefits arising from the proposed improvement, a verdict for $100 damages is conclusive on the question of the amount of the benefits, and precludes any subsequent assessment for benefits to the portion of the lots not taken; section 22 of the act providing that no lot shall be assessed in excess of benefits nor shall any lot which the jury shall have found to be damaged be assessed for any benefits.

SAME—WAIVER OF OBJECTIONS—PETITIONERS. Where an improvement is ordered by the unanimous vote of the city council regardless of a petition and limitations contained therein, it cannot be urged that the petitioners are estopped to object to assessments of their property.

SAME—OFFSET OF DAMAGES—EFFECT. Where the benefits to property have once been offset against the damages for land taken in eminent domain proceedings, the land cannot be assessed for benefits from the improvement, regardless of the fact that the condemnation proceedings are entirely independent of the proceedings for assessment.

SAME. An assessment for local benefits from an improvement cannot be sustained, after offset of the same against the damages, on

[1]Reported in 97 Pac. 1106.

the theory that conditions might have changed since the taking or damaging of the property; as the legislature did not intend that the question of benefits should be twice litigated.

SAME—AWARD OF DAMAGES—VERDICT—BENEFITS. The jury, in awarding damages from a regrade under instructions to offset the benefits, could not have taken into consideration an assessment to be thereafter levied upon the property, they having no information as to the cost of the improvement or the limits of the district.

Appeal from an order of the superior court for King county, Morris, J., entered May 14, 1908, confirming an assessment for benefits by a local improvement in condemnation proceedings instituted by a city, upon an appeal from an order of the city council confirming the assessment. Reversed.

*G. Ward Kemp*, for appellants.

*Scott Calhoun* and *James E. Bradford*, for respondent.

RUDKIN, J.—Ordinance No. 13,102 of the city of Seattle, approved December 18, 1905, provided for the regrade of Jackson street, and numerous other streets, avenues and alleys in that city. After reciting that public necessity demanded the regrade and that the improvement would be of especial benefit to certain lands and premises and other property, the ordinance established the grades of the several streets, and directed the corporation counsel to file a petition in the superior court complying with the laws of the state, and praying that just compensation be made for the property and property rights taken or damaged by reason of the regrade. Pursuant to this authority a petition was filed for the purpose of ascertaining the damages to be paid to the owners of property taken or damaged. Among other property described in the petition and damaged by the regrade, were lots 5 and 6, of block 48, of D. S. Maynard's plat of Seattle, owned by the appellants, Schuchard and wife. A trial of the condemnation proceedings was had as between the city and the appellants. On that trial the court instructed the jury, in effect, that the

appellants were entitled to recover all damages resulting to their property by reason of the regrade, less any local or special benefits arising from the proposed improvement. This instruction was in accordance with section 15 of the act of March 9, 1893, Laws of 1893, page 189, which reads as follows:

"Sec. 15. When the ordinance providing for any such improvement provides that compensation therefor shall be paid, in whole or in part, by special assessment upon property benefited, the compensation found by the jury for any land or property taken shall be irrespective of any benefit from the improvement proposed. When such ordinance does not provide for any assessment, in whole or in part, upon property benefited, the compensation found for land or property taken, *and in all cases the damages found in respect to land or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement,* except as provided in section 2 of this act as to streets, avenues and boulevards established or widened to a width greater than 150 feet, in which class of cases no benefits shall be deducted as to such excess."

The jury returned a verdict in favor of the appellants, assessing their damages in the sum of $100, and a final judgment was rendered thereon. Thereafter by ordinance No. 13,309 a local improvement district was created, including within its limits the two lots above described, and the cost of the improvement under the regrade ordinance, less an appropriation of $30,000 from the general fund of the city, was assessed against the property within the district. An assessment roll was prepared, assessing $1,228.09 against lot 5, and $907.72 against lot 6, above described. Thereafter and within the time prescribed by law and the ordinances of the city, the appellants filed written objections to the proposed assessment, alleging in substance that, all local and special benefits arising from the proposed improvement had been offset against the damages awarded in the condemnation proceeding. The objections were overruled by the city council, and an or-

dinance was passed and approved confirming the assessment. The appellants appealed to the superior court, where the assessment was again confirmed, and the case is now before us for review.

The contention of the appellants in brief is, that all local and special benefits to their property arising from the proposed improvement, having been offset against the damages recovered in the condemnation proceedings, an assessment against the damaged property for the same improvement is wholly unauthorized. This contention must be sustained. It was so held by this court in *Smith v. Seattle*, 41 Wash. 60, 82 Pac. 1098, and the rule there announced is fully sustained by the authorities.

In *Chicago v. McCartney*, 216 Ill. 377, 75 N. E. 117, the court said:

"If the jury in a condemnation proceeding award damages for property not taken, the judgment is conclusive against a subsequent assessment proceeding to assess it for benefits, because the judgment is conclusive that there are damages and not benefits."

In *Davis v. Newark*, 54 N. J. L. 595, 25 Atl. 336, the court said:

"By force of the provisions of the charter, . . . the proper award for damages on alteration of grade is to be made after public notice, and with due regard to both the injury and the benefits arising from the public improvement, and this award, on being ratified by the municipal council, becomes conclusive upon the city, and also upon the private owner, subject only to a right of appeal. It is thus rendered equivalent to a judicial determination that the premises, for which the compensation is awarded, are damaged, on a comparison of benefits and injuries, to the extent of the award, and, so long as it stands, neither the owner nor the city can gainsay it. . . . It is therefore not permissible for the city now to contend that the change of grade, thus adjudged to be on the whole detrimental to certain lots on which buildings stood, was in fact on the whole beneficial to the same property. So far as the assessments against such houses and

lots have been levied for the grading of the street, they should
be set aside."

In *State ex rel. Merchant v. District Court*, 66 Minn. 161,
68 N. W. 860, the court said:

"But it is very evident from the language of section 8 that
the benefits for which assessments are there required include
the same benefits which are required to be deducted by section
7. Moreover, the language of section 8 is mandatory, and not
merely permissive. It not only requires such assessments to
be made, but also that they shall be made on all property
benefited; hence, if all the provisions of both sections are car-
ried into effect, the result will be either that the landowner
would be deprived of his property without just compensation,
or else he would be taxed unequally, by being compelled to pay
twice for the same thing. It follows that some part of the
act must be rejected as void — either the provision in
section 7 that special benefits to adjacent land shall be de-
ducted from the value of the land taken, or else the provisions
of section 8 in so far as they require assessments to be made
for the same benefits. The provisions of section 7 constitute
an exercise of the right of eminent domain, while those of
section 8 constitute an exercise of the power of taxation—two
entirely distinct things, although both exercised in the same
proceedings. The provisions of section 7, standing by them-
selves, are confessedly valid, because they provide just com-
pensation for the property taken. The vice is in the pro-
vision of section 8 that the residue of the land taken shall be
taxed for the very benefits which have already been deducted
from the value of the part taken, and which, therefore, have
never been actually received by the landowner."

The act under which the condemnation proceedings was in-
stituted expressly provides in § 22, "That no lot, block,
tract or parcel of land shall be assessed a greater amount than
it will be actually benefited, nor shall any lot, block, tract or
parcel of land which shall have been found by the jury or
court to be damaged be assessed for any benefits." While
this provision relates to the assessment made by the commis-
sioners appointed by the court to pay the awards in the con-
demnation proceeding, yet the same exemption necessarily ex-
tends to the assessment for the improvement itself. .

We will now refer briefly to the different reasons assigned by the city for upholding the assessment. It is first contended that the appellants petitioned for the improvement and should now be estopped to deny the authority of the city to levy an assessment to defray the expense thereof. True, a petition signed by one of the appellants was presented to the city council, but it clearly appears from the record before us that the city elected to order the improvement by unanimous vote of its council, regardless of the petition and the limitations therein contained, and if so, it cannot now fall back on the petition to uphold an assessment which is otherwise unauthorized.

It is next contended that the proceedings to assess for the cost of the improvement is entirely independent of the condemnation proceeding. If the city cannot deprive a citizen of his property without due process of law in a single proceeding, it cannot accomplish the same result by two or more proceedings. Whether the proceedings are dependent or independent, the fact remains that an attempt is here made to levy an assessment on property for a local improvement after all local and special benefits to the property have been offset against damages.

It is next contended that conditions have or may have changed since the trial of the condemnation proceeding such as would warrant an assessment against the property, notwithstanding the previous verdict and judgment. The legislature never intended that the question of local and special benefits should be twice considered and litigated, once before a jury and again before the city council. We are satisfied that the question of local and special benefits to this property was determined finally and forever in the condemnation proceeding, in so far as the particular improvement there contemplated is concerned.

It is lastly contended that the jury in the condemnation proceeding must have taken into consideration in the award of damages the assessment to be thereafter levied against these

particular lots. The jury had nothing to do with the assessment or distribution of the cost of the improvement, and could under no circumstances have taken the assessment into consideration. They were not informed as to the cost of the improvement, the amount to be charged against the general fund of the city, the limits of the proposed assessment district, or the manner in which different properties in the district might be affected, and it is idle to contend that they took the assessment into consideration or that they were authorized so to do. On the entire record we are convinced that the assessment against the appellants' lots is wholly unauthorized and should be annulled. To that end the judgment is reversed, and the cause remanded to the court below.

FULLERTON, MOUNT, ROOT, and DUNBAR, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.