[No. 8989.    Department One.    January 6, 1911.]

EVA LEVY et al., *Appellants,* v. THE CITY OF SEATTLE et al., *Respondents.*[1]

PLEADING—ISSUES AND PROOF—DEMURRER—EFFECT. The sustaining of a demurrer to affirmative defenses does not entitle the plaintiff to judgment on the pleadings where other issues are presented by denials in the answer.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENT FOR BENEFITS—EMINENT DOMAIN—VERDICT OF NO DAMAGES—EFFECT. Where proceedings to condemn land for the purpose of widening a street are conducted separately from a proceeding to regrade the same, a general verdict that the remainder of abutting lots were damaged one dollar by the taking more than they were benefited, and sustained no damage by reason of the regrade, does not exempt the lots from an assessment for benefits for the regrade, the implication being rather that the property would be benefited thereby.

[1]Reported in 112 Pac. 639.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 30, 1910, after a trial on the merits before the court without a jury, dismissing an action to cancel an assessment upon property benefited by a local improvement.   Affirmed.

*Carkeek & McDonald*, for appellants.

*Scott Calhoun, James E. Bradford, O. B. Thorgrimson*, and *Leander T. Turner*, for respondents.

MOUNT, J.—This action was brought by the plaintiffs to set aside an assessment levied upon their property for local improvements, and also to restrain the city and its officers from enforcing collection of the assessment.   The action is based upon the alleged ground that the property of the plaintiffs was not liable to assessment because in a prior condemnation proceeding, where a portion of the plaintiffs' property was taken, it was determined that the property was damaged in the sum of one dollar over and above the benefits accruing by reason of the improvement.   For answer to the complaint, the defendants denied that it was determined in the condemnation action that the plaintiffs' property was damaged over and above the benefits, and alleged two affirmative defenses.   The first defense was, in substance, that in the condemnation case, no damages were found for change of grade.   The other defense, by way of estoppel, was that the city relied upon the legality of the proceedings and had let contracts and expended large sums of money in said improvements, with plaintiffs' knowledge and without objection thereto.   The trial court sustained the plaintiffs' demurrer to these affirmative defenses.   Thereafter the case was tried upon the issues made by the complaint and answer, and the action was dismissed.   The plaintiffs appeal.

The facts are not disputed.   It appears that in May, 1906, the city of Seattle passed an ordinance providing for the widening of Third, Fourth and Fifth avenues, twelve feet on each side, and establishing new grades for these streets. There-

after the city began proceedings to acquire the necessary land and to ascertain the damages on account of private property taken and damaged. The plaintiffs were made parties to those proceedings. On a trial the jury therein returned a verdict as follows:

"We, the jury in the above entitled proceedings, duly empaneled and sworn to ascertain the just compensation to be made to the owners, occupants and persons otherwise interested in the following described real property, to wit, the west twelve feet of lots 3 and 4 in block J, in Bell's Fifth addition to the city of Seattle, which the respondents Eva Levy and Henry E. Levy, her husband, and the Northwestern Mutual Life Insurance Company, a corporation, claim to own, or to be otherwise interested in, find that the just compensation to be paid to the owners, occupants, and other persons interested therein for the taking of said described real property, is the sum of $4,750, and we assess the damages to the remainder of the lots by reason of the taking of said described real property at the sum of one dollar, and we assess the damages to the remainder of said lots by reason of the taking and establishing of the grades and grading and the regrading of Third, Fourth, and Fifth avenues and other streets, avenues, alleys, and approaches thereto described in ordinance No. 13,776 of the city of Seattle in conformity with such established grades and in the construction of the necessary slopes and retaining walls for cuts and fills upon the real property abutting on the streets, avenues, alleys and approaches thereto as provided for and specified in said ordinance No. 13,776, at the sum of no dollars."

Subsequently a judgment of appropriation was entered in accordance with the verdict, and the plaintiffs were paid and received the money for the taking and damaging of their property. In December, 1908, the city passed an ordinance providing for the improvement of these streets by regrading them, and providing also for an assessment district to pay for such improvements. A contract was awarded for doing the work, and an assessment roll was prepared. The property of the plaintiffs was assessed for the sum of $6,642.24. The plaintiffs made no objection to this assessment roll. In Jan-

uary, 1909, an ordinance was passed confirming the assessment and declaring the same a prior lien upon the property assessed. In February, 1909, the assessment roll was placed in the hands of the city treasurer for collection, and plaintiffs were thereafter notified to pay the assessment on or before May 21, 1909. They thereupon brought this action to set aside the assessment.

It is argued that the trial court erred in not granting plaintiffs' motion for judgment on the pleadings. This contention is based upon the fact that the court had sustained a demurrer to the affirmative defenses, and that such ruling became the law of the case. There is no merit in this contention, because the denials in the answer were sufficient to put the plaintiffs upon proof that the assessment roll was void. The first affirmative defense was no more than a denial of the allegations of the complaint. But when the demurrer was sustained to that defense, the effect was not to hold that no proof was required on the part of the plaintiffs. The trial court was of the opinion, no doubt, that the affirmative matter pleaded was fully covered by the denials, and did not constitute an affirmative defense, and for that reason sustained the demurrer to that defense. The law of the case was established only as to the affirmative defenses, and not as to the answer denying the allegations of the complaint.

It is next argued that the court erred in dismissing the action. This contention is based upon the claim that the grading and regrading of the streets was one subject and the two features constituted one improvement, and the question of damages and benefits was determined by the jury in the condemnation proceeding. It is, no doubt, true that the city, when it passed the ordinance providing for widening the streets by twelve feet on each side, intended also to regrade the streets at some future time. But the city was not bound to make the whole improvement at one time, and did not do so. The necessary land was acquired first by an independent proceeding in condemnation. In that proceeding the jury

found that the just compensation to be paid to the appellants for the property which was taken was $4,750, and for damages to the land not taken was one dollar, and that there were no damages by reason of changing the grades and grading or regrading the streets. The jury, by finding that there were no damages to the remaining property by reason of the grades and regrading, did not find that the property would not be benefited thereby. The implication, if any is to be drawn from that finding, is that the property would be benefited, and therefore the case of *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, is not in point. In *In re Blewett Street*, 59 Wash. 485, 110 Pac. 29, we said upon this point:

"In the absence of special findings, it cannot be now determined whether the jury actually offset benefits against damages. Benefits have since been found by the board of eminent domain commissioners, as the basis of an assessment. The appellant, upon the hearing of her objections, was entitled to show, if such was the fact, that no benefits had resulted to her property from the improvement, but she could not make that showing in the manner attempted, or by proceeding upon the theory that the general verdict of the jury, aided by the repetition of the evidence admitted on the condemnation trial, would establish her contentions."

It follows that, if the acquisition of the land and the improvement of the streets was one unified scheme, there is nothing in the general verdict in condemnation to justify the contention that the appellants' property was not liable to assessment for benefits. But the proceedings were conducted separately. The acquisition of the land was an independent proceeding. The assessment for the benefits was also independent of the condemnation proceedings, and was made after the land was taken and after compensation had been made therefor and damages to the land not taken had been paid.

The assessment was properly made, and was, in our opinion, valid. The judgment must therefore be affirmed.

RUDKIN, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.