[No. 9795.   Department One.   November 28, 1911.]

J. W. MARTENIS et al., Appellants, v. THE CITY OF TACOMA, Respondent.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS — BENEFITS — AWARD OF COMPENSATION AS BAR TO SUBSEQUENT ASSESSMENT. Laws 1907, p. 321, § 15, providing that for improvements to be paid by special assessment upon property benefited, the compensation found by the jury shall be irrespective of any benefit from the improvement, does not require a city, on condemning land for opening a street, to include the improvement of the street or the establishment of a grade; hence the award of damages for compensation for merely opening a street does not bar an assessment for benefits in a subsequent proceeding to grade and plank the street.

SAME—PROCEEDINGS—ISSUES. Under a proceeding to condemn land for the opening of a street pursuant to an ordinance which did not provide for an established grade or any improvement of the street, an award of damages precluding any assessment for benefits on account of the condemnation, does not bar an assessment for benefits in a subsequent proceeding to establish a grade and improve and plank the street; notwithstanding that the city attorney in the first proceeding went beyond the issues in propounding questions to the jury, who were instructed to award damages that will be sustained by the "construction of the proposed road," there having been no evidence thereon or on the question of damages by reason of any improvement of the roadway.

[1]Reported in 118 Pac. 882.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered July 5, 1911, confirming an assessment roll for a local improvement, after a hearing on the merits before the court. Affirmed.

*John A. Shackleford* and *Theo D. Powell,* for appellants.

*T. L. Stiles, Frank R. Baker,* and *Frank M. Carnahan,* for respondent.

FULLERTON, J.—On July 2, 1905, the city of Tacoma passed an ordinance authorizing and directing the city attorney to institute and prosecute an action in the name of the city for the condemnation of a specifically described tract of land "to be used as and for a public street, and for the purpose of laying out, opening, and providing a street" between certain designated terminals. The proposed street lay wholly on the property of the appellants. The ordinance provided that payment for the tract so taken should be made by an assessment against the property benefited by the establishment of the street. No grade was established for the proposed street, nor was any provision made for its improvement, the ordinance simply providing for the acquisition of the naked title to the land within the boundaries of the street. Acting pursuant to the directions of the ordinance, the city attorney instituted proceedings against the owners of the property, asking its condemnation. Appearances were made by the respective owners, and a trial had on the issues made by the petition. At the trial, certain questions were asked concerning the benefits that would accrue by the establishment of a roadway over the land sought to be condemned, but no evidence was offered, on either side, of any proposed or established grade for the roadbed, nor was anything said as to the character of the improvement the city subsequently proposed to make when it opened the street. At the conclusion of the trial, the court, among other instructions, gave the following:

"You must also award to these defendants, in addition to

the value of the land which is taken from them, the value of
any damages which you shall determine they will sustain by
reason of the construction of the proposed road through
their property, and you will make separate findings on these
two facts."

The jury thereafter brought in a verdict, finding in favor
of the landowners for the value of the land taken $1,500,
and for damages to the remaining land $650. Judgment of
condemnation was thereafter entered, and the awards paid.

Subsequently the city established grades along the street,
and caused the same to be improved by bringing it down to
the established grade and "laying down on said roadway a
pavement of plank," assessing the cost thereof to the prop-
erty benefited by the improvement. Among the properties
assessed, was the property of the appellants, the same prop-
erty the jury found had been damaged by the laying out
of the street through the same. The appellants objected to
the city council against the assessment, and on their objec-
tions being overruled, appealed to the superior court of
Pierce county from the order entered. The superior court
upon a hearing affirmed the assessment, and this appeal was
taken from the order of affirmance.

The appellants urge but one proposition in this court.
They contend that the finding of the jury and the judgment
of the court thereon in the condemnation proceedings, to
the effect that the remaining property of the appellants had
been damaged by the laying of the street across the same, is
*res judicata* of the proposition that benefits would accrue
to such property by the improvement of the condemned
street. In support of the contention, the appellants rely
upon the provisions of the act relating to eminent domain,
and the decision of this court in the cases of *Schuchard v.
Seattle*, 51 Wash. 41, 97 Pac. 1106; *In re Third, Fourth
and Fifth Avenues*, 49 Wash. 109, 94 Pac. 1075, 95 Pac.
862, and *In re South Shilshole Place*, 61 Wash. 246, 112
Pac. 228.

The section of the eminent domain act thought to bar the assessment is section 15 of the act of March 13, 1907 (Laws 1907, pp. 316, 321). The section reads as follows:

"When the ordinance providing for any such improvement provides that compensation therefor shall be paid, in whole or in part, by special assessment upon property benefited, the compensation found by the jury for any land or property taken shall be irrespective of any benefit from the improvement proposed. When such ordinance does not provide for any assessment, in whole or in part, upon property benefited, the compensation found for land or property taken and in all cases the damages found in respect to lands or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement, except as provided in section two of this act as to streets, avenues and boulevards established or widened to a width greater than one hundred and fifty feet; in which class of cases no benefits shall be deducted as to such excess."

This section, we think, does no more than provide for offsetting benefits against damages where damages are claimed to abutting and adjoining property for the taking of property for street purposes or for grading or otherwise improving a street. It does not require that the city shall, where it condemns land for a street, provide for a finished street in that proceeding, and determine once for all the amount of damages or benefits abutting or adjoining property will sustain because of the improvement. On the contrary, we think the city may divide the proceedings into as many steps as the nature of the case may require; that is to say, it can, in one proceeding, lay out the street and condemn the necessary land needed therefor; it can, in another proceeding, grade the street; and, in still another, cause it to be paved; and after this is done, it may regrade and repave it as often as the street requires grading or repaving. Of course, in any one of these proceedings, land cannot be assessed to pay the costs of making the specific improvement, when a jury determines that such land will be damaged by reason of the improvement over and above all benefits accru-

ing to the same. But the rule applies only to the particular improvement in question. One such finding does not bar the right of the city to assess the property for benefits accruing from a subsequent improvement. This is all that the city has done in the matter before us. In the first instance, it condemned the land for the street, and paid the appellants not only for the value of the land, but for all damages that accrued to the remainder of the land by reason of the taking. In the second instance, it graded and planked the street, and it seeks to collect from the appellants' land a proportional share of the benefits the grading and planking of the street cause to accrue to such land. The two proceedings are entirely distinct, and clearly, the one cannot be a bar to the other.

The appellants, however, claim that the question of the cost of improving the street was actually submitted to the jury in the condemnation proceedings, and was taken into consideration by the jury in making up their verdict as to the amount of damages that should be awarded the appellants. But the record as a whole shows that the contention is unfounded. The city attorney may have gone beyond the issues before the jury in propounding questions concerning the amount of benefits that would accrue by the establishment of a street over the land sought to be taken, but there was no actual trial of the issues presented in the present case. As we have said, nothing was shown in that proceeding concerning the plans or costs of the present improvement, hence no verdict could have been founded thereon. Nor did the court in its charge submit any such question to the jury. In the language quoted, the court meant no more than to refer to the taking of the land for street purposes. This is made clear by reference to the remaining part of the charge.

The case of *Schuchard v. Seattle, supra,* relied upon by the appellants, does not maintain a doctrine contrary to that here announced. That was a case where the improvement consisted of regrading and repaving certain streets, and the

question submitted to the jury was whether the property affected by the improvement was damaged in excess of benefits. Subsequently the city attempted to assess certain property as benefited by the improvement, which the jury found had been damaged in excess of benefits. This we held the city could not do, since the verdict of the jury was conclusive of the question. The question there presented was not, therefore, analogous to the question presented in the case at bar, and could be analogous only had the court there held that the awarding of damages in some prior condemnation proceedings barred the right to assess for benefits accruing because of the later improvement. A case more nearly in point on the question presented here is *Levy v. Seattle*, 61 Wash. 540, 112 Pac. 639, which supports the conclusion we have reached.

The other cases cited refer only to the proper measure of damages in an action brought to condemn land for street purposes. They have no relation to the question here suggested.

The judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, and GOSE, JJ., concur.