[No. 20771.   Department Two.   December 2, 1927.]

THE STATE OF WASHINGTON, *on the Relation of H. W.
Beecher et al.*, *Plaintiffs*, v. MITCHELL GILLIAM,
*as Judge, Respondent.*

*In re Taylor Avenue (Denny Hill Regrade No. 2).*[1]

[1] NEW TRIAL (3-1, 56-1)—RIGHT TO NEW TRIAL—ORDER GRANTING —RIGHT TO NEW JURY.  Upon granting a new trial, it is error to resubmit the matter to the same jury.

[2] EMINENT DOMAIN (88) — DEDUCTION OR SET-OFF OF BENEFITS — BENEFIT TO PROPERTY NOT TAKEN.  Rem. Comp. Stat., § 9229, providing for assessment of damages and the off-setting of benefits on condemning land for a street and authorizing the jury to determine (1) the value of the land taken and (2) the damages to the part remaining because of its severance over and above special benefits from the "proposed improvement," no lot to be assessed for benefits from "such taking only," the "proposed improvement" and the "taking only" refer to the same thing, viz: that part of the improvement causing the taking of the property and calls for determination of the "net" damage therefrom.

[3] SAME (88).  Under said section, providing further (3) that the jury shall determine the "gross" damage to any land not taken "(other than damages to a remainder by reason of its severance)," and not deducting any benefits, requires that the jury determine under subdiv. 2, if there is any damage to the remainder by reason of severance, and the amount, and if it exceeds the benefits, they shall enter verdict for such net damages and ignore any verdict under subdiv. 3; but if the damage is less than or equal to the benefits, the jury shall find the gross damages under subdiv. 3, without any finding of benefits, leaving it subject to assessment by the commissioners.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 1, 1927, upon the verdict of a jury rendered in favor of the city of Seattle in condemnation proceedings; and certiorari to review an order of the court denying a trial of the issues before a new jury.  Reversed.

[1]Reported in 262 Pac. 138.

*Kerr, McCord & Ivey,* and *Wm. Z. Kerr,* for appellants.

*Thomas J. L. Kennedy, J. Ambler Newton,* and *Bruce MacDougall,* for respondent.

ASKREN, J.—The city of Seattle brought this action to condemn land for an improvement known as the Denny Hill Regrade No. 2. Beecher and wife were named defendants, as they were the owners of a lot at the northeast corner of Eighth and Westlake avenues. This lot had a frontage on two streets by reason of the fact that Westlake avenue intersects Eighth avenue at a wide angle. Its frontage consisted of 51.68 feet on Eighth avenue, and 11 feet on Westlake avenue. The lot is one hundred twenty feet in depth and approximately sixty feet in width. The regrade improvement called for a widening of Eighth avenue by taking twelve feet off the lots on each side of the street. When this amount of land is taken from the Beecher lot, it will increase the Eighth avenue frontage, but will destroy the Westlake avenue frontage, and leave the lot at its nearest point, the northeast corner, 5.52 feet from Westlake avenue, as shown by the accompanying map on the following page.

Upon the trial of the action, the jury returned a verdict for the Beechers in the sum of $9,198, the amount stipulated as the value of the twelve-foot strip being taken from the lot, and the cost of adapting the buildings on the lot to the changed conditions.

The jury further found that there was no damage, by reason of the severance, in excess of the local or special benefits which would accrue to the property by reason of the improvement. Counsel for the Beechers conceived that the loss of the eleven-foot frontage on Westlake avenue was not properly covered under the court's instructions, and duly moved for a new trial,

in which, after setting up all the statutory grounds, they asked the court to reopen the cause for the purpose of having the jury make findings as to the amount of damage by reason of the severance without offsetting any local or special benefits. This motion was orally granted, but the written order signed by the court was as follows:

"This matter coming on for hearing on motion of defendants H. W. Beecher and wife, the court having heard argument of counsel, being advised in the premises,

"It Is Ordered that the defendant Beecher's motion to reopen the case and resubmit the same to same jury be granted, to which the city excepts and the exception

is allowed.   Defendant excepts to the order that requires a retrial before the same jury.''

Thereupon the cause was retried in its entirety before the same jury that heard the matter the first time, over the protest of the Beechers, but without submitting to the jury the new issue desired by them.   The jury, having before it the same instructions as at the first trial, returned a verdict in the same amount, and this appeal followed.

[1]   The first error assigned by appellants is the refusal of the court to call a new jury to hear the case.   This ground of error is well taken.   In explanation thereof, it appears that the court was of the opinion, in the beginning, that he was but complying with appellants' request to reopen the case and submit the new issue to the same jury.   But the record shows that the court refused to submit the issue and that the effect of the court's order and action was to grant a retrial of the cause.   It is elementary, of course, that, if a new trial was granted, it could not be before the same jury.   No citation of authority is required upon this point.

The other assignments of error have their basis in appellants' contention that the damage to the lot by reason of the loss of the Westlake avenue frontage was not properly covered by the court's instructions, and the jury should have been instructed on the question of gross damage.

The statute providing for assessment of damages and the offsetting of benefits is found in Rem. Comp. Stat., § 9229.

''When the ordinance providing for any such improvement provides that compensation therefor shall be paid in whole or in part by special assessment upon property benefited, the jury or court, as the case may be, shall find separately:

"1. The value of land taken at date of trial;

"2. The damages which will accrue to the part remaining because of its severance from the part taken, over and above any local or special benefits arising from the proposed improvement. No lot, block, tract or parcel of land found by the court or jury to be so damaged shall be assessed for any benefits arising from such taking only;

"3. The gross damage to any land or property not taken (other than damages to a remainder, by reason of its severance from the part taken), and in computing such gross damages shall not deduct any benefits from the proposed improvement. Such finding by the court or jury shall leave any lot, block, parcel or tract of land, or other property subject to assessment for its proportion of any and all local and special benefits accruing thereto by reason of said improvement.

"When such ordinance does not provide for any assessment in whole or in part on property specially benefited, the compensation found for land or property taken or damaged shall be ascertained over and above any local or special benefits from the proposed improvement.

"Such city or town may offset against any award of the jury or court for the taking or damaging of any lot, block, tract or parcel of land or other property, any general taxes or local assessments unpaid at the time such award is made. Such offset shall be made by deducting the amount of such unpaid taxes and assessments at the time of payment of the judgment or issuance of a warrant in payment of such judgment."

There is no contention here but what the jury were correctly instructed as to the value of the property taken under subd. 1 of § 9229, and that the verdict of $9,198 for the land taken and the readjustment of the buildings was rendered under proper instructions.

The error claimed is that the court refused to instruct the jury that, if they found under subd. 2 that the benefits from the improvement exceeded the damages by reason of the severance, then they should, under subd.

3 of § 9229, assess the gross damages to appellants' land without offsetting benefits.

To determine this assignment of error requires a detailed study of the act providing for special findings in eminent domain proceedings such as this, where the ordinance provides that the cost of the improvement shall be borne by the property specially benefited, and not by general taxation. It will be noticed that, under subd. 2, the jury are required to assess the damages to the remainder of the tract by reason of "its severance from the part taken, over and above the local or special benefits arising from the proposed improvement." In other words, the jury find a verdict for damages only in the event that the damages are greater than the benefits, and then only in the net sum by which they exceed the benefits.

[2] The question first arises as to what is meant by the words in the section, "the proposed improvement." In the present case, the proposed improvement provided for the widening of the street in front of appellants' property as well as other streets in the district, and the changing of the established grades in the district and provided for regrading. It might be thought that the words "the proposed improvement" would have reference to the improvement as a whole, but the latter part of the section makes it manifest that these words have reference only to the benefits which the property will sustain by reason of the widening of the street; for it provides that the land remaining and found to be damaged shall not "be assessed for any benefits arising *from such taking only*." It is apparent, of course, that the words "from such taking only" refer to that portion of the improvement which causes the taking of a portion of appellants' property; and if the jury find in a given case that the property of any defendant has been damaged in a sum greater

than the benefits and a net damage verdict be awarded to him, the property is not relieved from assessment by the eminent domain commissioners from anything except those benefits which arise from the taking, and it can be assessed for those benefits which arise from the other improvements.

The question would be much simpler if, in the present case, the city had only sought to widen the street and, by a separate ordinance and an independent proceeding, later provided for improvements to the district generally by regrading. It is the privilege of the city to combine these improvements, if it so desires. *Levy v. Seattle,* 61 Wash. 540, 112 Pac. 639; *Martenis v. Tacoma,* 66 Wash. 92, 118 Pac. 882; *In re Third, Fourth and Fifth Avenues, Seattle,* 49 Wash. 109, 94 Pac. 1075, 95 Pac. 862. So it seems plain to us that the words "the proposed improvement" and "for the taking only" must refer to the same thing. Any other construction would permit benefits from the whole improvement to be offset against the damage to the property and then still leave the property subject to assessment for other improvements than those included in the taking.

[3] Subdivision 3 refers to the gross damages which may be sustained by the property. It is respondent's contention that subd. 3, providing for gross damages, has reference only to other items of damage that might accrue to the property than those suffered by severance, and refers to physical items such as grades in the street, and like damages. This argument is not at all convincing. It will be noticed that subd. 2 provides for the net damages. The word "net" is not used, but the procedure provided therein is for net damage, and when we come to subd. 3 and find that it provides for the gross damages the conclusion is ineluctable that it was so intended by the legislature. The

word "gross" must have been used advisedly by the
legislature. If it had in mind that subd. 3 should be
used only in those cases where there was some other
and different damage than that arising out of the sever-
ance provided in subd. 2, it is not at all unlikely that
the word "other" would be used instead of "gross."
True, in the parenthetical phrase, we find the word
"other" used, but it seems to us that this section means
that gross damages shall be assessed unless net
damages have actually been assessed under subd. 2.
Subdivision 3 provides that the gross damages shall be
found by the jury, but there shall be no deduction for
benefits, and provides specifically that such property
shall be left subject to all assessments.

It is the contention of appellants, and it seems
sound to us, that the intention of the legislature was
that, if the jury found in a given case that the benefits
arising from the improvement are greater than the
damage, then the jury, being unable to find any net
damages, will return no verdict under subd. 2. It will
then become their duty to assess the damages under
subd. 3, whereupon the property will be left liable for
assessment for the benefits. A concrete illustration will
perhaps make the matter clearer. Assuming that the
jury should find that the damages to the remainder of
any given piece of property are in the sum of one thou-
sand dollars, and that the benefits from the proposed
improvement are two thousand dollars. There is then
no net damage and the jury will give no verdict under
subd. 2. The jury will thereupon, under subd. 3, find a
verdict for gross damages in the sum of one thousand
dollars, and the property will be left subject to assess-
ment by the eminent domain commissioners in the
amount of the benefits which the property has received,
which it is presumed would be in the amount found by
the jury, two thousand dollars. The property owner

has suffered the thousand dollars damage, and has received benefits of two thousand dollars, and will pay a net one thousand dollars. On the other hand, if the jury find that the property is damaged one thousand dollars and that the benefits are five hundred dollars, it will then find a verdict under subd. 2 of the statute for five hundred dollars damages, make no finding under subd. 3, and the property will be free from further assessments for the improvement.

However, if we construe the statute as contended for by respondent, we find ourselves in this situation: The jury find that the remainder of the property has been damaged one thousand dollars and they find that the benefits are two thousand dollars and thereupon enter no verdict under subd. 2 for the defendant, because there is no net damage. The jury is not permitted to enter any verdict under subd. 3 as to the gross damage, and no finding is made or required by the jury as to the amount of damage that the property sustains. The eminent domain commissioners proceed to assess the property and, presumably, they will find that the property has been benefited two thousand dollars and they will thereupon assess the property for that amount, and the defendant will nowhere get credit for the one thousand dollars damage which his property has sustained, and which the jury in the condemnation case find has been suffered. Under our statute, eminent domain commissioners have nothing to do with the damages accruing to the property. Rem. Comp. Stat., § 9237; *In re Ninth Avenue West,* 76 Wash. 401, 136 Pac. 488; *In re Seattle,* 115 Wash. 535, 197 Pac. 784. It is apparent, of course, that this is compelling the property owner to pay twice for the same thing. The jury have found that his property is damaged, but not in an amount equal to the benefits. They make no record of that finding. The eminent domain commis-

sioners cannot allow him this damage because they have nothing to do with that item. Such a construction of the statute would, of course, make it unconstitutional. ˙ It is well settled law that, if the property owner can be compelled to pay twice for the same benefit,˙ the law cannot stand. *Schuchard v. Seattle,* 51 Wash. 41, 97 Pac. 1106; *In re˙ Seattle,* 115 Wash. 535, 197 Pac. 784; *State ex rel. Merchant v. District Court,* 66 Minn. 161, 68 N. W. 860; *Gregg v. Sanders,* 149 Ark. 15, 231 S. W. 190.

We should not hold this statute unconstitutional, if it can be avoided. The construction which we have placed upon this statute is the only one that renders it constitutional, and at the same time carries out the evident intent of the legislature.

Respondent has sought to meet this argument by saying that the court does not know what the eminent domain commissioners will do, when it comes to assessing the property. That may be true, but certainly this court will presume that the eminent domain commissioners will perform their duty, and the amount found by the jury as to benefits will certainly be assessed by the eminent domain commissioners, although perhaps not in the exact amount. In the present case, witnesses for the city testified that the damage to the remainder of appellants' property would amount to approximately $6,250, while some of appellants' witnesses placed it at a higher figure. There can be no question but what, if the jury had been required to find a verdict upon this question, they must at least have found that the damage would equal $6,250. When they were instructed by the court that they could find a verdict under subd. 2 only in case the damages were greater than the benefits, the jury must have found that the benefits, by reason of the improvement, were greater than $6,250, because they returned

no verdict for the appellants. The eminent domain commissioners, in the performance of their duty, will undoubtedly find that this property has been benefited in the sum of $6,250, or more, and will thereupon levy an assessment in that or a greater sum, and appellants will be required to pay it, notwithstanding the fact that the jury in the condemnation proceeding have actually found that their property was damaged at least to the extent of $6,250.

This statute has been the cause of much perplexity to members of the bar and to the courts, as is well illustrated by the decision in *Tacoma v. Bonnell*, 58 Wash. 593, 109 Pac. 60, where we said: .

··*". .··. and while the trial court was perhaps justified in submitting the third item to the jury, for it is, as we have said, in the statute, we confess our inability to fathom the intention of the legislature in adopting the third clause in the section quoted.''

' A reference to that case will disclose that the decision was correct, because the jury found that there was a net damage to the remainder of the property, which, of course, obviated any finding of gross damages.

Under our construction of the statute, we hold that it is the duty of the court to require the jury to determine under subd. 2 if there is any damage to the remainder of the property by reason of the severance, and, if so, whether that sum exceeds the amount of the benefits arising from the taking. If the jury find that it does, they shall enter a verdict for such net damages, and ignore any verdict under subd. 3, leaving the property subject to assessment for other benefits of the proposed improvement, if any; but if the jury find that there is a damage and that it is less than the amount of the benefits, or if just equal, then the jury will find no verdict under subd. 2 for the net damage, but will

find one under subd. 3 for the gross damage without making any finding as to the amount of benefits, thus leaving the property subject to assessment by the eminent domain commissioners for all the benefits of the taking and other proposed improvements.

Reversed.

HOLCOMB, MAIN, and FULLERTON, JJ., concur.