[No. 20828. Department One. February 20, 1928.]

TOWN OF SUMNER, *Respondent*, v. EUGENIA E. FRYAR, *Appellant*.[1]

[1] EMINENT DOMAIN (86, 88)—COMPENSATION—DEDUCTION OR SET-OFF OF BENEFITS—TO PART NOT TAKEN—EVIDENCE OF BENEFITS—ELEMENTS. Where the city and county are cooperating in a road improvement connecting a city street with a county road, the city condemning the land and the county undertaking to improve and connect it, the jury may take into consideration the entire improvement; in determining the benefits to remaining·abutting property not taken, and offset the same against the value of the property taken.

[2]. SAME (86, 119)—COMPENSATION—OFFSET OF BENEFITS—PLEADING. In such a case, on an issue as to the benefits, a complaint alleging that the land taken by the city connects with a bridge under construction by the county, is sufficient to admit proof of the letting of a contract to improve the land taken as an approach to the bridge.

[3] SAME (91)—COMPENSATION—INADEQUATE AWARD. An award of $600 for the condemnation of half an acre of land will not be disturbed as inadequate, where there was evidence to warrant it, and the trial court refused to grant a new trial.

Appeal by defendant from a judgment of the superior court for Pierce county, Card, J., entered May 9, 1927, upon the verdict of a jury awarding damages, in condemnation proceedings. Affirmed.

*Hayden, Langhorne & Metzger,* for appellant.

*M. F. Porter,* for respondent.

TOLMAN, J.—This is an appeal from a judgment based on the verdict of a jury awarding damages for the taking of property by condemnation. All of the errors assigned go to the principal question hereinafter discussed, and incidentally to the inadequacy of the amount awarded. A somewhat detailed statement

[1]Reported in 264 Pac. 411.

is necessary to an understanding of the main point involved. The complaint, among other things, alleges:

"That Pierce county, a municipal corporation and subdivision of the state of Washington, acting through its board of county commissioners, is constructing a bridge across the Stuck river at the westerly end of said tract, lot or parcel of land described in paragraph II hereof and has made an appropriation for and declared its intention of improving (and has let a contract to improve.) said tract of land by building thereon an approach to said bridge and by grading said tract to an established grade and by paving the central 20 feet thereof with standard concrete and cement paving material.

"That said tract of land described in paragraph II hereof will be an extension of Main street in the town of Sumner from the intersection of the said tract with said Main street and extending to and over said bridge across the Stuck river and thence on connecting with the Pacific Highway in said county and state and said tract of land and the opening and improvement thereof is necessary for the accommodation and use of the public and for the uses and benefit of the residents of the town of Sumner for street and highway purposes, . . . ."

The words in parenthesis were inserted by amendment, authorized by order of the trial court, after the trial and after the denial of the defendant's motion for a new trial.

[1] Witnesses were permitted to testify as to what Pierce county proposed, intended and had let a contract to do, over specific objections to the effect that the town of Sumner had not by its ordinance set forth in any manner the part to be taken by the county, that the county's plans were no part of the town's improvement, that the town could not take advantage thereof, and that it would not be obligated to carry out the county's plans, if the county should fail. Also, that

there was no allegation in the complaint to the effect that the county had let a contract for the paving.

These objections were finally all overruled, and the evidence as to the county's plans, proposals and contract were admitted. By reason of this evidence, the jury was permitted to find that the benefits to appellant's remaining lands, by reason of the paved highway frontage which the county's improvement would afford, exceeded the damages caused thereto by the severance, and probably accounts for the smallness of the verdict.

The statute, Rem. Comp. Stat., § 9229 [P. C. § 7559], has often been quoted and provides that in such a case as this the jury shall find separately:

"(1) The value of land taken at date of trial;
"(2) The damages which will accrue to the part remaining because of its severance from the part taken, over and above any local or special benefits arising from the proposed improvement. No lot, block, tract or parcel of land found by the court or jury to be so damaged shall be assessed for any benefits arising from such taking only;
"(3) The gross damages to any land or property not taken (other than damages to a remainder, by reason of its severance from the part taken), and in computing such gross damages shall not deduct any benefits from the proposed improvement. . . ."

The real question here seems to be, What was the proposed improvement? Looking to the ordinance alone, it would appear that the only improvement proposed was to open for highway purposes the particular sixty-foot strip of land sought to be condemned, which would make a mere *cul de sac* extending from the main street of the town to the river. Of course, the town could not legislate for Pierce county, and while it might, by way of a preamble, have recited in the ordi-

nance those things which the county undertook to do, such recitals would have had no binding effect upon the county. The allegations of the complaint seem to be just as effective in giving notice of what the whole or combined plan was as would have been recitals to the same effect in the ordinance. Appellant did not object on the ground of surprise or lack of notice.

Appellant cites authorities which announce the well-known rule that benefits to be considered must be those which are to be derived from the improvement for which the land is condemned, and not those which arise from other improvements. Our statute in terms so provides. Language to that effect is used in the late case of *State ex rel. Beecher v. Gilliam, ante* p. —, 262 Pac. 138, though it was there pointed out that the city had combined two improvements in one ordinance. In any event, here, the taking of this property is a necessary prerequisite to the building of the highway, and by its taking the highway and its benefits come into existence. Hence, they are benefits arising from such taking only. Otherwise, there could never be a benefit under subdivision 2 of the statute.

Accepting and adhering to the rule as above stated and as expressed in the statute, we cannot see that it has here been violated.

This is a case of two governmental agencies coordinating their efforts and dividing the duties, acting in unison to accomplish a completed whole. The town undertook to obtain the right of way, and the county undertook to grade and pave the right of way so obtained and connect it up with, and make it a part of, an arterial highway, so that, when each had performed the duties undertaken by it, the result would be a graded and paved highway leading through the remainder of appellant's land and connected up with, and forming a part of, the arterial highway on each

end. Upon this highway, the severed portions of appellant's property will front. Anything less than the outline just given would have afforded the jury no light upon a question which it was bound to decide.

But, it is argued that this opens the door to great injustice; that the county not being a party, the appellant cannot compel it to complete its part of the undertaking. Very true. But if the county fails to do its part, the town, by the plainest of equitable principles, would be estopped from assessing appellant's lands for the making of the improvement which it is shown the county will make, and by reason of which showing it has obtained substantial advantage.

[2] We think the complaint, as it stood before the amendment complained of, was sufficient to warrant the introduction of evidence tending to show of what the proposed improvement consisted, and sufficient, with the proof, to operate as an estoppel in the event that the improvement was not completed. Hence, there was no prejudicial error in allowing the amendment.

Our attention has been called to no case involving the co-operative action of two distinct governmental agencies such as we have here. But if we are right in our conclusion that the property owner is not concerned with how many may co-operate, but only with the question of properly applying the rule as to the offsetting of benefits, then this opinion is sustained by the authorities upon which the appellant relies.

[3] The jury found the value of the land taken to be $600, but allowed nothing for damages to the remainder by reason of the severance, and nothing for gross damages. The land taken was less than half an acre, and there was a difference of opinion among witnesses as to whether it was to be valued as berry land or as prospective business or residence property, and also, as usual, differences as to its value for either

purpose. If the jury believed that its greatest value was for horticultural purposes, as it was privileged to do, the value fixed is not so low as to invite criticism.

The trial court, who saw and heard the witnesses, refused to grant a new trial, and as we find there was evidence to sustain the verdict, we cannot interfere.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.