[No. 23411.   Department Two.   January 8, 1932.]

THE CITY OF SEATTLE, *Respondent*, v. LAKE UNION BRICK COMPANY, *Appellant*.[1]

*John L. Corrigan* and *Meier & Meagher,* for appellant.

*A. C. Van Soelen, Charles L. Smith, John E. Sanders,* and *W. D. Covington,* for respondent.

MAIN, J.—This action was brought by the city of Seattle to condemn property for street purposes. There was involved in the proceeding a large number of properties in different ownerships, one of which was the Lake Union Brick Company. In the verdict in favor of that company, the three items totaled the sum of $17,769.90. Judgment was entered upon the verdict, and the brick company appeals.

No statement of facts or bill of exceptions has been

[1]Reported in 6 P. (2d) 591.

brought to this court. The ordinance upon which the proceeding was based provided for the laying off, opening, widening, extending and establishing of a street and highway to be known as Aurora avenue, and provided for the establishing of grades and the sloping on the appellant's property for cuts and fills; in other words, the city was to acquire the right, in case of a fill, to extend the toe thereof over onto the abutting property, which was thereby damaged, but not taken for street purposes, and, in the case of a cut, to extend the slope back upon the abutting property. The ordinance also provided that the cost of the improvement should be paid by special assessment upon the property benefited.

The only question presented by the record upon this appeal is whether the verdict of the jury, as a matter of law, is in conformity with the requirements of the statute. Section 9229, Rem. Comp. Stat., which is one of the sections covering the matter of eminent domain proceedings by cities, provides:

"When the ordinance providing for any such improvement provides that compensation therefor shall be paid in whole or in part by special assessment upon property benefited, the jury or court, as the case may be, shall find separately:

"(1) The value of land taken at date of trial;

"(2) The damages which will accrue to the part remaining because of its severance from the part taken, over and above any local or special benefits arising from the proposed improvement. No lot, block, tract or parcel of land found by the court or jury to be so damaged shall be assessed for any benefits arising from such taking only;

"(3) The gross damages to any land or property not taken (other than damages to a remainder, by reason of its severance from the part taken), and in computing such gross damages shall not deduct any bene-

fits from the proposed improvement. Such finding by the court or jury shall leave any lot, block, parcel or tract of land, or other property subject to assessment for its proportion of any and all local and special benefits accruing thereto by reason of said improvement.''

By this statute, in a proceeding like the one before us, the jury were required to find, first, the value of the land taken; second, the damages to the portion not taken because of the severance from it of the part taken; and, third, the gross damages. The jury in their verdict made these findings: First, the value of the property taken, $9,769.90; second, the damage to the remainder by reason of the severance from the part taken, over and above special benefits, $3,000; and, third, gross damages in the sum of $5,000.

In a condemnation proceeding under an ordinance similar to the one upon which this proceeding is based, there is or may be a number of different items of damage: First, the value of the property taken; second, the damage to the remainder by reason of the severance from the part taken; third, damage, if any, by reason of the establishment of the grade; fourth, damages arising by reason of the extending of the toe of the slope beyond the limits of the street and upon private property, in the case of a fill; and, fifth, in case of a cut, the extending of the slope. By this enumeration, however, we do not mean to say that these are the only items of damage that may result from an improvement, and that there may not be others. The statute provides, as already indicated, that the jury shall find separately the value of the property taken, the damages by reason of the severance, over and above special benefits, and gross damages. The verdict follows the requirements of the statute.

But the appellant says that ''the jury had no legal

right to bring in a verdict for both damages to the remainder and gross damages, as the two are inconsistent." In this statement, the appellant is in error. In the damages to the remainder, there are not included any items such as may arise from the establishment or change of grade, or cuts or fills. If property before the severance from the part taken was worth two dollars per square foot, and after the severance the part remaining was worth one dollar per square foot, the damages to the remainder would be the difference, or one dollar per square foot. If there was not a provision for further damage, the property owner, in getting the value of the property taken and damage to the remainder by reason of its severance from the part taken, over and above special benefits, would receive no compensation for the other items of damage mentioned.

The legislature did not define what was meant by gross damages; but it is clear that within that term must come such items as may arise from the change or establishment of the street grade and from slopes on account of cuts or fills.

There being no bill of exceptions or statement of facts in this case, it must be presumed that there was evidence from which the jury were justified in finding gross damages such as would arise from sloping on account of cuts or fills which were provided for in the ordinance. *Casey v. MacRae,* 148 Wash. 136, 268 Pac. 141, and the cases there cited.

Gross damages and damage to the remainder are not inconsistent, and the verdict of the jury was in exact conformity to the requirements of the statute.

The appellant, however, relies largely upon the case of *State ex rel. Beecher v. Gilliam,* 146 Wash. 6, 262 Pac. 138, but that case is not controlling. There, the

ordinance upon which the proceeding was based did not provide for slopes in the case of cuts or fills, and the court only submitted to the jury the question of the value of the property taken and damage to the remainder by reason of its severance from the part taken, over and above special benefits. The jury found the value of the part taken and returned a verdict of no damages to the remainder. The evidence of the city in that case showed that the damage to the remainder would be approximately $6,250.

There being no finding that the property was damaged over and above the special benefits, it was left subject to assessment for the improvement. The eminent domain commissioners, when they came to levy the assessment, had nothing to do with the question of damages, and would presumably assess the property for the amount of the benefits. If this were done, then the property owner, whom the evidence showed sustained damage by reason of the severance in the sum of $6,250, would receive no compensation for such damages. Under the peculiar facts in that case, it was held that the court should have submitted to the jury the question of gross damages.

The situation presented in that case was very unusual, and the question presented one of extreme difficulty. There is no such situation in the present case as arose in that case, because, as already indicated, here the jury found the three items, the value of the property taken, damages to the remainder by reason of the severance, over and above the benefits, and the gross damages, such as would arise from slopes by reason of cuts or fills.

It is further said that the case will present a difficulty when it comes before the eminent domain commissioners, and we are invited to decide that question.

But the question is not presented by the record in this case, and its decision will have to be deferred until a case comes before us with a record which presents the question.

The judgment will be affirmed.

TOLMAN, C. J., MILLARD, BEALS, and HOLCOMB, JJ., concur.